**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-62462-CIV-ALTONAGA/Strauss**

**GREGORY HASKIN CHIROPRACTIC**
**CLINICS, INC.**; *et al.*,

      Plaintiffs,

v.

**GEICO INDEMNITY COMPANY**; *et al.*,

      Defendants.
_____/

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION**
**SETTLEMENT AND DISMISSING CLASS ACTION CLAIMS WITH PREJUDICE**

**THIS CAUSE** came before the Court at a June 26, 2020 Settlement Conference [ECF No. 96] pursuant to Federal Rule of Civil Procedure 23. The Court, having considered the record and the arguments of counsel and being otherwise advised, states:

WHEREAS, Plaintiffs and Defendants have entered into a class action Settlement Agreement filed with the Court ("Settlement Agreement") on November 12, 2019 [ECF No. 66-1], together with related documents attached as Exhibits; and

WHEREAS, the Court entered an Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement and Notice of Fairness Hearing on November 13, 2019 [ECF No. 67] (the "Order of Preliminary Approval"), certifying a class in this action for settlement purposes; preliminarily approving the proposed Settlement; ordering notice to potential Settlement Class Members; providing those persons with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and scheduling a Fairness Hearing; and

CASE NO. 17-62462-CIV-ALTONAGA/Strauss

WHEREAS, the Court held a duly noticed Fairness Hearing on June 26, 2020 to determine whether to finally approve the proposed Settlement; and

WHEREAS, the Parties have complied with the Order of Preliminary Approval and the Court finds that the Settlement Agreement is fair, adequate, and reasonable, and that it should be finally approved.

NOW THEREFORE, based on the submissions of the Parties and Settlement Class Members, the lack of any objections, any testimony adduced at the Fairness Hearing, the pleadings on file, and the argument of counsel, the Court finds, and it is hereby

**ORDERED and ADJUDGED** that the parties' Joint Motion and Supporting Memorandum of Law for Final Approval of Class Action Settlement **[ECF No. 87]** and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses, Class Representative Incentive Awards, and Incorporated Memorandum of Law **[ECF No. 90]** are **GRANTED** as follows:

**1.     Incorporation of Defined Terms**.  Except where otherwise noted, all capitalized terms used in this Final Order and Judgment and in the Release attached hereto as Appendix "A" hereto shall have the meanings set forth in the definitions set forth in the Settlement Agreement filed with this Court on November 12, 2019 [ECF No. 66-1], together with related documents attached as Exhibits.

**2.     Jurisdiction**.  The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in the Action or the Released Claims, and to dismiss the claims in this Action on the merits and with prejudice.

CASE NO. 17-62462-CIV-ALTONAGA/Strauss

3. **Final Class Certification**. The Settlement Class that this Court previously certified in its Order of Preliminary Approval is hereby finally certified for settlement purposes under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). The Court adopts and incorporates its class certification findings as set forth in its Order of Preliminary Approval. The Settlement Class consists of:

> All persons and/or entities who: (i) are or were Florida healthcare providers (as described by Section 627.736(1)(a), Fla. Stat.), or their assignees; (ii) provided medical services to a person insured by the GEICO COMPANIES under an auto policy that included a deductible applicable to the PIP coverage provided under the policy; (iii) hold an assignment of benefits from said insured; (iv) submitted a claim to the GEICO COMPANIES for payment of such medical services; and (v) had their claim adjusted during the Class Period by applying the statutory reimbursement limitations of Section 627.736, Fla. Stat., to medical services determined to be within the PIP deductible.
>
> Excluded from the Settlement Class are: (1) the GEICO COMPANIES, any entities in which the GEICO COMPANIES have a controlling interest, and all of their legal representatives, heirs and successors; and (2) members of the judiciary for the United States District Courts of Florida.
>
> The following claims of Settlement Class Members shall be outside of the scope of the Settlement Agreement and the Released Claims, but shall not otherwise affect membership in the Settlement Class: (1) any claims resolved by separate settlement, dismissal with prejudice, or full payment in response to a demand letter; (2) any claims that are the subject of an individual (not on behalf of a proposed class) lawsuit that has been filed and remains pending as of the Court's Order of Preliminary Approval; (3) any claims where insurance benefits exhausted prior to the Effective Date or the date a timely Settlement Claim Form is deemed submitted, whichever is later; and (4) any claims that are denied during the settlement claims process on the grounds that the claim is outside the scope of the Settlement Agreement. When a PIP or other no-fault claim includes both medical services within the scope of the Settlement Agreement and others outside the scope of the Settlement Agreement, the Settlement Agreement and Release will apply but only to those medical services within the scope of the Settlement Agreement.

4. **Adequacy of Representation**. The Court finds that Class Counsel and Plaintiffs have fully and adequately represented the Settlement Class for purposes of entering into and

implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a).

    **5.**     **Class Notice**. The Court finds that the content and distribution of the Notice Program in accordance with the terms of the Settlement Agreement and this Court's Order of Preliminary Approval, and as explained in the declarations filed at or before the Fairness Hearing:

a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this class action; (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement; (iii) their right to object to any aspect of the proposed settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, the award of attorneys' fees and expenses to Class Counsel and/or the award of incentive payments to the named Plaintiffs); (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons or entities who do not request exclusion from the Settlement Class;

c) was reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to be provided with notice; and

d) fully satisfied the requirements of the United States Constitution, the Florida Constitution, the Federal Rules of Civil Procedure, and any other applicable rules or law.

The Court adopts and incorporates herein the Affidavit of Jason M. Stinehart on Behalf of Settlement Class Administrator Rust Consulting Regarding Class Administration (the "Affidavit of Mailing") and its Exhibit C to the Affidavit of Mailing that identifies the list of Settlement Class Members who were provided Direct Mail Notice of the Settlement and are therefore bound by this Final Order and Judgment, excluding only those persons or entities identified as Opt-Outs as provided herein. All health care providers who were provided the Notice Package and are bound by this Final Order and Judgment are set forth in Appendix "B" attached hereto.

    a. **Settlement Website.** The Court finds that the content of the publicly available Settlement Website complied with the Order of Preliminary Approval and provided additional notice and information regarding the Settlement consistent with the Notice Program.

    b. **Requests for Exclusion.** The Affidavit of Mailing identifies health care providers that timely and validly submitted Requests for Exclusion from the Settlement Class. The Court accepts and adopts Exhibits D and E to the Affidavit of Mailing as the lists of Settlement Class Members who validly requested exclusion from the Settlement Class (i.e., Opt-Outs), and who therefore are not bound as Settlement Class Members. All health care providers who are deemed excluded and not bound as Settlement Class Members are set forth in Appendix "C" attached hereto. These Exhibits are therefore incorporated herein and made a part hereof for all purposes. The Parties may subsequently submit one or more stipulated filings identifying additional Requests for Exclusion that they agree should be treated as valid, and those persons or entities shall be deemed excluded from the Settlement Class as of the date of the stipulated filing or as otherwise provided therein.

The Affidavit of Mailing Affidavit also identifies Requests for Exclusion that did not comply with the requirements set forth in the Order of Preliminary Approval and were deemed invalid. The Settlement Class Members identified in Exhibit F to the Affidavit of Mailing therefore remain Settlement Class Members bound by this Final Order and Judgment.

    c. **Final Settlement Approval**. The terms and provisions of the Settlement Agreement, including all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable rules or law. The Court finds that the Settlement was consummated after multiple, lengthy mediation sessions conducted by Rodney Max, who is highly experienced in complex and class action litigation.

The resulting Settlement provides relief greater than that available pursuant to a demand letter under the PIP statute, including monetary and equitable relief, and provides Settlement Class Members a claims process simpler than the demand letter process that would otherwise be required to obtain additional PIP benefits. The Court further notes that no objections to class certification or the Settlement are pending as of the Fairness Hearing. The Parties and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

    d. **Binding Effect**. The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, representatives, executors and administrators, successors and assigns, and those terms shall have *res judicata* and full preclusive

effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release described in the next paragraph of this Final Order and Judgment.

e. **Release**. Upon the Effective Date, the Release attached hereto as Appendix "A" shall be valid and binding.

f. **Bar to Asserting Released Claims.** Upon the Effective Date, the Plaintiffs and all Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for and whether or not they acknowledge receipt of Class Notice, are hereby: permanently barred from asserting any Released Claims against the Released Parties, and Plaintiffs and the Settlement Class Members shall have released any and all Released Claims against the Released Parties.

g. **Permanent Injunction**. All Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims;

7

(ii) organizing or soliciting the participation of any Settlement Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on the Released Claims; and (iii) assigning to any other person the Released Claims under this Final Order and Judgment.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and to protect and effectuate the Court's Final Order and Judgment.  In the event any Settlement Class Member who has not been recognized by the Court as validly excluded from the Settlement Class serves upon the GEICO COMPANIES a notice of intent to initiate litigation under Chapter 627 of the Florida Statutes or a civil remedy notice under Chapter 624 of the Florida Statutes, the GEICO COMPANIES shall cause to be sent to such Settlement Class Member a form response letter in substantially the form to be attached as an exhibit to the Joint Motion for Final Approval of Proposed Class Action Settlement, advising the Settlement Class Member of this permanent injunction and the Released Claims described herein.

h. **Enforcement of Settlement**.  Nothing in this Final Order and Judgment or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Order and Judgment or the Settlement Agreement.

i. **Attorneys' Fees and Expenses**.  Class Counsel are hereby awarded attorneys' fees and costs as set forth below.  Aronovitz Law and The Schiller Kessler Group are awarded a total collective payment of attorneys' fees and expenses in the amount

of $2,503,116.26 and awarded reimbursement of litigation expenses in the amount of $28,883.74. The GEICO COMPANIES shall fulfill their payment obligation according to the terms set forth in the Settlement Agreement or as otherwise agreed by Class Counsel and the GEICO COMPANIES. The GEICO COMPANIES shall make payment of the foregoing amount awarded within fifteen (15) days of the Effective Date.

j. **Incentive Awards.** The named Plaintiffs, Gregory Haskin Chiropractic Clinics, Inc., and Coastal Wellness Centers, Inc. are awarded $6,000.00 each as compensation for their time and effort in connection with the litigation of this matter. This payment shall be made at the time the Settlement Benefit checks are sent to Settlement Class Members.

k. **No Other Payments**. Paragraphs 14 and 15 of this Final Order and Judgment covers and shall be the GEICO COMPANIES sole obligation for any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or incurred by Plaintiffs or the Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims except to the extent otherwise specified in this Final Order and Judgment and the Settlement Agreement.

l. **No Admissions.** Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement Agreement) is, may be

construed as, or may be used as an admission or concession by or against any Party hereto as to the validity or invalidity of any claim or defense, or of any actual or potential fault or liability, or of any lack of fault or liability. Additionally, neither the Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto or the GEICO COMPANIES in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by the GEICO COMPANIES to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

m. **No Representations Regarding Taxes**. The Court finds that the Parties and their counsel have expressed no opinions concerning the tax consequences of the Settlement to Settlement Class Members and have made no representations, warranties or other assurances regarding any such tax consequences. No opinions, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any such tax consequences by virtue of the Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be responsible or liable for any such tax consequences that may occur.

n. **Discovery**.  The confidentiality provisions of the Court's Order of Preliminary Approval shall remain in force.  No discovery with regard to the Settlement Agreement or the proposed Settlement and its administration, including the manner in which Direct Mail Notice and Website Notice are provided to Settlement Class Members, shall be permitted by any Settlement Class Members or other persons, other than as may be directed by this Court after the party seeking such discovery properly files a motion with this Court and served pursuant to the governing rules of procedure.

o. **Dismissal of Claims**.  The claims asserted in the Action, including all of the individual and class claims alleged therein and those identified as Released Claims, are hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any persons except as specifically provided in this Final Order and Judgment.

p. **Retention of Jurisdiction**.  Without affecting the finality of this Final Order and Judgment, the Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, execution, and enforcement of the Settlement Agreement; of any orders and this Final Order and Judgment entered by the Court; of any questions regarding membership or exclusion from the Settlement Class and/or of the conduct or the policies and procedures described herein, with respect to all Parties hereto and all beneficiaries hereof, including all Settlement Class Members.

CASE NO. 17-62462-CIV-ALTONAGA/Strauss

**DONE AND ORDERED** in Miami, Florida, this 26th day of June, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record