UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62462-CIV-ALTONAGA/Strauss

**GREGORY HASKIN CHIROPRACTIC
CLINICS, INC.**; *et al.*,

      Plaintiffs,
v.

**GEICO INDEMNITY COMPANY**; *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Movants, Managed Care Advisory Group, Inc. and HCA Management Services, L.P.'s Renewed Motion to Enforce the Settlement Agreement, or, in the Alternative, for a Three (3) Day Extension of Time to Comply [ECF No. 102], filed on November 30, 2020. Plaintiffs, Gregory Haskin Chiropractic Clinics, Inc. and Coastal Wellness Centers, Inc., and Defendants, GEICO Indemnity Company, GEICO General Insurance Company, GEICO Casualty Company, and Government Employees Insurance Company (collectively, the "Respondents"), filed a Joint Opposition [ECF No. 107] to Movants' Motion; to which Movants filed a Reply [ECF No. 112].

In November 2019, the Court granted Respondents' Joint Motion for Preliminary Approval of Class Action Settlement [ECF No. 66], and thereafter, directed that notice be sent to prospective class members. (*See generally* Nov. 13, 2019 Order [ECF No. 67]). Class members requesting payment under the Preliminary Approval Order were required to submit claim forms to the claims administrator no later than April 7, 2020. (*See id.* 8). The Preliminary Approval Order required the claim forms be "postmarked . . . by . . . April 7, 2020" and specified any claim forms postmarked

after this date would be deemed "untimely and invalid." (*Id.* (alterations added)). In March 2020, and upon request by Respondents, the Court established May 7, 2020 as the postmark deadline. (*See generally* Mar. 27, 2020 Order [ECF No. 76]).

The parties dispute whether Movants are timely claimants.[1] Movants contend "clear evidence" establishes the "USPS took possession of [the claims forms[2]] and processed payment for postage on May 6, 2020[.]" (Mot. 2 (alterations added)). Movants insist had the claim forms been postmarked on that day, they would have been timely. (*See id.* 10). Movants' evidence of timeliness includes declarations, email threads, news articles, correspondence, citations to USPS policy manuals, and an account payment reconciliation. (*See generally* Mot.; Reply; [ECF Nos. 102-1–102-4; 112-1–112-2]).

To this, Respondents consider Movants' claims forms untimely based on (what they consider) the USPS postmark. (*See* Opp'n 11–13). According to Respondents, "the only evidence is the actual [USPS] Records that conclusively show [sic] [] the boxes were received and post marked by the [USPS] on May 9, 2020." (*Id.* 13 (alterations added)). In support, Respondents rely primarily on "the tracking information (including the acceptance, transit and delivery dates) available through the [USPS] website for each of the 45 boxes[.]" (Decl. of Kristen L. Wenger [ECF No. 108] ¶ 7 (alterations added); *see also id.* 7–14; Opp'n 11). Respondents also maintain Movants' exhibits appear at odds with the sworn declaration submitted to the Court. (*See* Opp'n

---

[1] Respondents contend Movants improperly used "priority mail" to submit their claim forms, not "first class mail" as required by the Preliminary Approval Order. (*See* Opp'n 10–11). Movants concede that the packages in this case qualified as "priority mail" due to their weight. (*See* Mot. 11). Movants, however, persuasively argue "[t]he dispute over the First Class designation offers nothing more than a distinction without a difference." (Reply 5 (alteration added); *id.* ("First-Class Mail . . . weighing more than 13 ounces is called Priority Mail." (original alteration; emphasis omitted; quoting United States Postal Service ("USPS") Business 101; URL omitted))). Quite simply, the Court agrees with Movants.

[2] According to Movants, the claims forms were packaged and sent in 46 boxes. (*See* Mot. 2). Respondents maintain the claims administrator only received 45 boxes. (*See* Opp'n 3 n.5).

12–13).

Upon consideration of the record, the Court finds the parties' conflicting assertions merit an evidentiary hearing. Faced with competing declarations, citations to USPS policy manuals, USPS tracking data, email threads, spreadsheets, payment forms, and correspondence, the Court cannot verify the official USPS postmark date or determine whether Movants delivered their claims forms to USPS on May 6, 2020. Neither Movants nor Respondents provide an envelope, a shipping label, or a receipt bearing the postmark date,[3] nor do the parties offer anything from the post office to establish that Movants delivered (or did not deliver) the claims forms on May 6, 2020.[4, 5]

Accordingly, it is **ORDERED AND ADJUGED** that Movants, Managed Care Advisory Group, Inc. and HCA Management Services, L.P.'s Renewed Motion to Enforce the Settlement Agreement, or, in the Alternative, for a Three (3) Day Extension of Time to Comply **[ECF No. 102]** is **DENIED** without prejudice. This matter is set for an evidentiary hearing on Monday, **February 22, 2021 at 8:30 a.m.** One day has been set aside for the hearing; if more time is

---

[3] The Court notes Respondents provide a picture of "Box 11 of 45[']s" shipping label; the shipping label, however, does not a bear an official USPS postmark. (*See* Decl. of Jason M. Stinehart [ECF No. 109] ¶¶ 13, 15; p. 37); *cf.* USPS Handbook PO-408 – Area Mail Processing Guidelines § 1-1.3, Postmarks.

[4] Respondents insists USPS tracking data should be treated as an official USPS postmark but cite no authority for this proposition. (*See* Opp'n 12–13); *see also Tilden v. Comm'r of Internal Revenue*, 846 F.3d 882, 887 (7th Cir. 2017) ("[The regulation] makes the outcome turn on the date of an official postmark. If the Postal Service were to treat tracking data as a form of postmark, that might inform our reading of the regulation, but we could not find any evidence that the Postal Service equates the two." (alteration added; emphasis omitted)).

[5] Because the objective of the evidentiary hearing is to resolve the discrepancy between Movants' purported delivery of the claims forms on May 6, 2020, and the May 9, 2020 date inputted on the USPS website, the Court need not decide whether Movants establish good cause to extend the claims forms submission deadline. (*See* Mot. 11–14). Nor will the Court be the first to entertain Respondents' contentions that Movants' submissions failed to comply with other requirements set forth in the Preliminary Approval Order. (*See* Opp'n 7–8, 10–11; *see also* Reply 2 (noting Respondents "offer a new, separate justification for denying Movants' submissions despite never having raised this issue before")).

CASE NO. 17-62462-CIV-ALTONAGA/Strauss

required, the parties shall advise the Courtroom Deputy. The parties may conduct limited discovery, including depositions as needed.

   **DONE AND ORDERED** in Miami, Florida, this 14th day of January, 2021.

                       _____
                       **CECILIA M. ALTONAGA**
                       **UNITED STATES DISTRICT JUDGE**

cc:  counsel of record